66 F.3d 339
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph STEWART, Defendant-Appellant.
 No. 94-1551.
 United States Court of Appeals, Tenth Circuit.
 Aug. 31, 1995.
 
 Before SEYMOUR, Chief Judge, MCKAY, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Joseph Stewart brought this action pro se under 28 U.S.C. 2255 alleging that his plea was involuntary and that he was sentenced on the basis of inaccurate information. The district court denied relief. Mr. Stewart appeals, and we affirm.
 
 
 3
 Mr. Stewart entered into a plea agreement under which he pled guilty to six counts of distributing and/or possessing methamphetmine and one count of carrying a firearm in relation to a drug trafficking offense. He also agreed to cooperate fully with the government. The government in turn agreed to dismiss two remaining counts against Mr. Stewart, one charging him with conspiracy under 21 U.S.C. 846 and one charging him with another firearm offense under 18 U.S.C. 924(c)(1). The government also agreed to submit a motion to the court pursuant to U.S.S.G. 5K1.1 recommending a forty percent downward departure in Mr. Stewart's sentence. The plea was accepted by the Court, and the government fulfilled its obligations under the agreement. Mr. Stewart was given six twenty-month concurrent sentences on the drug counts and a sixty-month consecutive sentence on the firearm count.
 
 
 4
 In this proceeding, Mr. Stewart asserts that his plea was not voluntary, his sentence was not based on accurate information, and his counsel was incompetent. All of these claims arise from the fact that the plea agreement and the lab reports on the substance distributed by Mr. Stewart refer only to "methamphetamine." Mr. Stewart points out that the Sentencing Guidelines applicable to his case distinguish between L-methamphetamine and D-methamphetamine, and punish offenses involving D-methamphetamine much more severely than those involving L-methamphetamine. In sentencing Mr. Stewart, his attorney, the government, and the sentencing court assumed that the guidelines applicable to D-methamphetamine applied. Mr. Stewart now asserts that his counsel was incompetent in failing to inform him of the difference in treatment that the guidelines give the two forms of the drug, that he would not have pled had he known, and that he was sentenced on the basis of inaccurate information because the sentencing court had no evidence that his offenses in fact involved D-methamphetamine.
 
 
 5
 By pleading guilty, Mr. Stewart waived his right to claim that the sentence was based on inaccurate information. See United States v. Broce, 488 U.S. 563, 569 (1989)(collateral attack on guilty plea foreclosed when plea is counseled and voluntary). Our inquiry is therefore limited to whether the plea was voluntary. Id. The voluntariness of a plea is a legal question we review de novo. United States v. Williams, 919 F.2d 1451, 1455 (10th Cir.1990), cert. denied, 499 U.S. 968 (1991).
 
 
 6
 When a defendant is represented by counsel during the plea process and enters a plea upon advice of counsel, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.' " Hill v. Lockhart, 474 U.S. 52, 56 (1985)(quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). A plea may be involuntary if the attorney materially misinforms a defendant of the consequences of his plea. See United States v. Rhodes, 913 F.2d 839, 843 (10th Cir.1990), cert. denied, 498 U.S. 1122 (1991). To establish ineffective counsel, however, a defendant must also establish prejudice, which in this context requires the showing of a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial. Hill, 474 U.S. at 59; United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir.1993), cert. denied, 114 S.Ct. 1236 (1994).
 
 
 7
 This court has pointed out that the guidelines' treatment of methamphetamine sentencing is "confusing and difficult to apply." United States v. Cook, 49 F.3d 663, 665 n. 3 (10th Cir.1995). Nonetheless, the guidelines clearly distinguish between the two forms of the drug and punish offenses involving D-methamphetamine much more severely. See U.S.S.G. 2D1.1, Drug Equivalency Tables.
 
 
 8
 Even if we were to assume that Mr. Stewart's counsel was incompetent in failing to perceive that the type of methamphetamine might have been relevant, Mr. Stewart must still establish a reasonable probability that had he known, he would have gone to trial rather than pleading guilty. In his section 2255 petition, which Mr. Stewart filed under penalty of perjury, he does not state that he would have refused to plead had he been aware of the guidelines' distinction between D- and L-methamphetamine. He makes this assertion in an unsworn response filed below and in his brief on appeal. Such an allegation is insufficient to establish prejudice. See Gordon, 4 F.3d at 1571; see also Hill, 474 U.S. at 60 (failure to make allegation in petition is important factor in assessing prejudice requirement). Moreover, there is no evidence in this record that the drug involved was L-methamphetamine or a D-L mixture; nor does Mr. Stewart assert that it was not D-methamphetamine. In addition, Mr. Stewart received substantial benefits by his plea, under which the government dismissed counts charging him with a drug conspiracy and a second firearm violation. Both charges would have subjected Mr. Stewart to substantial additional sentences upon conviction. Significantly, even now Mr. Stewart does not ask that his plea bargain be set aside so that he can go to trial; instead he contends that he should be resentenced. Under these circumstances, we do not believe that Mr. Stewart has made the requisite showing of a reasonable probability that he would have insisted on going to trial.
 
 
 9
 Finally, even were we to conclude that Mr. Stewart's plea was involuntary, we can not give him the relief he seeks. Mr. Stewart asserts that because the plea was involuntary, he is entitled to resentencing in a fashion not contemplated by the parties when the plea was made. He does not want his guilty plea vacated, stating in district court that "[t]he appropriate remedy in this case, is not the withdrawal of the plea, but rather it is to rectify the plea and resentence the defendant based upon the guidelines applicable to "L" methamphetamine." Rec., vol. I, doc. 1, br. in support at 4. Mr. Stewart thus seeks to retain the benefits of the plea while freeing himself of the sentencing quid pro quo. He cannot evade the undesirable aspects of his bargain while at the same time retaining its benefits. See United States v. Salcido-Contreras, 990 F.2d 51, 52-53 (2d Cir.), cert. denied, 113 S.Ct. 3060 (1993). The only relief to which Mr. Stewart would be entitled is relief he has specifically rejected.
 
 
 10
 Accordingly, we AFFIRM the dismissal by the district court. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470