**Marshall HAROLD**

v.

**UNITED STATES of America.**

**UNITED STATES of America**

v.

**Marshall HAROLD.**

**Civil No. S 96–2405.
Criminal No. S 94–0395.**

United States District Court,
D. Maryland,
Northern Division.

Aug. 6, 1996.

---

Marshall Harold, Cumberland, MD, pro se.

Lynne A. Battaglia, United States Attorney, Andrea L. Smith, Assistant U.S. Attorney, Baltimore, MD, for U.S.

## MEMORANDUM OPINION

SMALKIN, District Judge.

The Court has reviewed the motion filed herein August 2, 1996 by the defendant, attacking a conviction and sentence that became final when the time for appeal expired in May, 1995. In that it is plain from the motion and the files and records of this Court that the one-year period of limitations provided in 28 U.S.C. § 2255, as recently amended by Pub.L. 104–132, bars the filing of this motion, the Court will enter an Order pursuant to Rule 4(b), Rules Governing Section 2255 Cases, summarily denying the motion.

■ It is clear that there is no case to be made for postponed accrual under any of the subsections of the recent amendment, including subsection (4). The relevant question under subsection (4) is the date on which the *facts* supporting a claim could have been discovered through the exercise of due diligence, not the date on which it dawns on the defendant that those facts amount to ineffective assistance of counsel. The facts were obviously known (or should have been) as of the date of sentencing. To hold otherwise would render the one-year period of limitations in Section 2255, as amended, essentially meaningless as applied to any Section 2255 motion asserting ineffective assistance which, of course, most of them do.

For the reasons stated, an Order will be entered separately, denying and summarily dismissing the present motion for federal habeas corpus relief.