PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 10/7/96**

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

ROBERT L. GLOVER,

        Defendant-Appellant.

No. 95-5100

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

DAVID ZALE WANN,

        Defendant-Appellant.

No. 95-5058

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. Nos. 94-C-995-E and 94-C-757-E)

---

Submitted on the briefs:

Robert Glover and David Zale Wann, pro se.

Stephen C. Lewis, United States Attorney, David E. O'Meilia and James L. Swartz, Assistant United States Attorneys, Tulsa, Oklahoma, for Plaintiff-Appellee.

―――――――――――

Before EBEL, BARRETT, and HENRY, Circuit Judges.

―――――――――――

HENRY, Circuit Judge.

―――――――――――

Defendants David Wann and Robert Glover appeal from the joint denial of their substantially similar motions to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The district court denied relief primarily on waiver grounds, citing defendants' failure to raise their objections at sentencing. For the reasons that follow, we reverse and remand for further proceedings.[1]

## I. Common Background

These companioned appeals arise out of a single criminal prosecution in which defendants pled guilty to a two-count indictment charging conspiracy to

――――――

[1]

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore submitted without oral argument.

distribute, and aiding and abetting the distribution of, methamphetamine. See 21 U.S.C. §§ 841(a)(1), 846; 18 U.S.C. § 2. The type of methamphetamine involved was never identified during the plea proceedings. There was nothing improper in this, as the operative statutes do not distinguish among types of methamphetamine, and, consequently, "[t]o convict a defendant, the prosecution must prove [or the defendant must admit] . . . only that the substance was generically methamphetamine." United States v. Deninno, 29 F.3d 572, 579-80 (10th Cir. 1994), cert. denied, 115 S. Ct. 1117 (1995).

In contrast to their conflation for guilt-phase purposes, "[t]he sentencing difference between D-methamphetamine and L-methamphetamine is significant."[2] Id. at 579 & n.3 (discussing enhanced base offense level assigned to D-methamphetamine). Moreover, at the sentencing stage, "[s]ince the criminal offense makes no distinction between the types of methamphetamine, it cannot be assumed that [defendants] w[ere] convicted of [distribution] of D-methamphetamine." Id. at 580. Thus, even after defendants were formally convicted, the government bore the "burden of proof and production" to show by

---

[2]

We note that, "as of November 1, 1995, this distinction between methamphetamine types has been eliminated, and L-methamphetamine is now treated the same as D-methamphetamine under the Guidelines." United States v. Watkins, 912 F. Supp. 417, 419 n.4 (E.D. Ark. 1996)(discussing U.S.S.G. App. C Amendment to Drug Equivalency Tables in Commentary to § 2D1.1).

a preponderance of the evidence the type of methamphetamine involved in their offenses.  Id.

We emphasize that neither the indictments nor the pleas in this case went beyond the requisite statutory elements by specifying the type of methamphetamine involved; if they had, subsequent (re)litigation of the issue might well have been precluded, see United States v. Allen, 24 F.3d 1180, 1183 (10th Cir.)(guilty plea "admits both the acts described in the indictment and the legal consequences of those acts"), cert. denied, 115 S. Ct. 493 (1994); United States v. Morrison, 938 F.2d 168, 171 (10th Cir. 1991)("[Defendant] cannot [later] challenge the factual basis of the charge to which he pleaded guilty."). Under these circumstances, the government's newly raised contention that defendants' (generic) pleas obviated the need for substance-specific proof at sentencing is meritless.

The government fails to distinguish between guilt-phase issues, which are reasonably deemed renounced by the later voluntary act of pleading guilty, and independent sentencing errors, which, arising only after the plea, cannot be deemed abandoned in the same common-sense way.  Surely, for example, a defendant who has pled guilty to a drug trafficking offense, has not thereby lost the right to insist that any subsequently considered enhancement predicates, such as career offender status or firearm use, be proven by the government before

imposition of the corresponding enhanced sentence. Indeed, if the prospective

waiver of sentencing error suggested by the government were adopted as a general

matter, a pleading defendant effectively would have no enforceable right to a

valid sentence--a "clearly untenable" and "patent[ly] anomal[ous]" result.[3] Green

v. Thomas, 57 F.3d 956, 959 (10th Cir. 1995)(rejecting similarly prospective

waiver principle in habeas context, because it would have imposed on the

petitioner "the unprecedented status of a constitutional orphan, denied protection

against yet unknown and unincurred deprivations"). Even a brief perusal of this

court's burgeoning case law on the sentencing guidelines would reveal numerous

decisions considering the objections of pleading defendants, including those

convicted of generic methamphetamine offenses. See, e.g., United States v.

---

[3]

The sole authority relied on by the government is an unpublished decision of this court, which, without addressing Deninno, held that "[b]y pleading guilty [to generic methamphetamine charges], [defendant] waived his right to claim that the sentence [improperly enhanced for unproven involvement of D-methamphetamine,] was based on inaccurate information. United States v. Broce, 488 U.S. 563, 569 (1989)(collateral attack on guilty plea foreclosed when plea is counseled and voluntary)." United States v. Stewart, No. 94-1551, 1995 WL 539473, at *1 (10th Cir. Aug. 31, 1995). The Supreme Court's holding in Broce, that a valid guilty plea precludes (most) guilt-phase attacks on the pleading defendant's conviction, in no way suggests a prospective waiver of subsequent and independent sentencing error. Consequently, for the reasons discussed above, we reject the approach followed in Stewart, see 10th Cir. R. 36.3 (unpublished decision is not binding circuit precedent), though, in light of significant factual differences, our decision here does not entail the conclusion that the result in Stewart should have been different. See infra n.4.

Lande, 40 F.3d 329, 330-31 (10th Cir. 1994), cert. denied, 115 S. Ct. 1988 (1995).

In the criminal proceedings below, both defendants were sentenced as if they had been trafficking in D-methamphetamine, without any proof or findings regarding the nature of the methamphetamine actually involved in their offenses. While defendants, proceeding pro se, framed their respective § 2255 motions somewhat differently, correction of this basic error is their common aim.

The government responded to the motions in the district court by arguing that defendants' objections regarding methamphetamine classification were waived by counsel's silence on the matter at sentencing (not to be confused with the argument for waiver-by-plea under Stewart discussed above), citing this court's "all fours" holding to that effect in Deninno. See id. ("By failing to make any objections to the [unsubstantiated] scoring of the methamphetamine [as D-methamphetamine], [the defense] has in effect waived the issue for appeal."). The district court agreed and denied both defendants' illegal-sentence claims under Deninno's waiver rule.

We certainly approve the district court's assiduous enforcement of circuit precedent regarding the waiver of unpreserved sentencing objections. However, defendants also raise claims of ineffective assistance of counsel that are not undermined, but rather bolstered, by just such prejudicial consequences of

counsel's omissions at sentencing. We turn now to these latter claims, discussing separately the distinct procedural circumstances of each defendant below.

## II. Defendant Wann

Mr. Wann was sentenced to two concurrent prison terms of 120 months, followed by five years' supervised release. He did not take an appeal. The present § 2255 motion, his first, challenges his sentence on the ground that defense counsel did not invoke, the district court did not enforce, and the prosecution did not satisfy, the government's burden of proof regarding the type of methamphetamine upon which his sentence was based. Since we are here concerned only with the ineffective assistance aspect, a matter properly left to collateral proceedings, our analysis of Mr. Wann's claim is not complicated by procedural bar concerns. See United States v. Galloway, 56 F.3d 1239, 1240-41 (10th Cir. 1995).

The district court rejected Mr. Wann's ineffective assistance claim under the controlling performance-and-prejudice standard of Strickland v. Washington, 466 U.S. 668, 686-87 (1984)(requiring objectively deficient performance serious enough to undermine adversarial process and prejudice severe enough to deprive defendant of a fair trial). See also Lockhart v. Fretwell, 506 U.S. 364, 369 (1993). Specifically, the district court held:

> While Wann may meet his burden on the prejudice prong of the test, his assertions are not sufficient to meet the burden of demonstrating

that his counsel was not reasonably effective. . . . He states in his original [M]otion to Correct Sentence that "No one involved in [the] sentencing process at the time knew about or understood . . . the sentencing guidelines difference as to the two related substances both generically methamphetamine." Based on this lack of knowledge, the Court concludes that Wann's counsel was not ineffective in failing to raise the issue.

R. doc. 122 at 2-3. We cannot agree with the reasoning and conclusion stated.

Our analysis is guided both by the Supreme Court's broad formulation in Strickland and by this court's particularized application thereof to analogous facts in United States v. Kissick, 69 F.3d 1048 (10th Cir. 1995). When counsel has unwittingly relieved the government of its burden of proof,[4] particularly when the evidence of record does not satisfy that burden, it is fair to say counsel has "so undermined the proper functioning of the adversarial process that [it] cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. This is, of course, "[t]he benchmark for judging any claim of ineffectiveness." Id.; see also Kimmelman v. Morrison, 477 U.S. 365, 374 (1986)("The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the [proceeding] was

---

[4]

The district court and the parties proceeded on the premise that counsel's failure to object to the unsubstantiated D-methamphetamine sentence reflected a purely unintentional error of ignorance. Because our record contains nothing to suggest any tactical motive for the omission, such as the cautious preservation of an otherwise advantageous plea bargain (as was present in Stewart, see supra n.3), we do not question the accepted characterization of counsel's conduct.

rendered unfair and the [result] rendered suspect."). Thus, we recently held in Kissick that "[a]n attorney's failure to challenge the use of a prior conviction to classify the defendant as a career offender [for sentence enhancement] when that prior conviction is facially insufficient to satisfy [the government's burden under the pertinent guideline] . . . constitutes deficient performance under Strickland." Kissick, 69 F.3d at 1056 (characterizing sentencing challenge overlooked by counsel as "dead-bang winner"). We see no principled distinction between the professional omissions in Kissick and the instant case.

Accordingly, we reject the district court's holding that counsel's conduct at sentencing, though in error, was nevertheless within the range of reasonable professional competence. The illegal-sentence issue counsel failed to raise was clearly meritorious under the existing guidelines and elementary burden-of-proof principles, surely both matters within the requisite expertise of a practicing member of the criminal defense bar. See United States v. Acklen, 47 F.3d 739, 743 (5th Cir. 1995)("Merely reading the commentary to the rule would have alerted counsel to the potentially significant impact on [methamphetamine] sentencing that the type of isomers involved can have."). In our view, Mr. Wann's belief that counsel's ignorance was shared by everyone at sentencing, which was emphasized by the district court in the passage quoted above, simply reflects his personal interpretation of the prejudice manifest at sentencing, i.e.,

that counsel's error directly translated into an unsubstantiated sentence without any corrective intervention.

Defense counsel was the legal representative retained and duty-bound to pursue Mr. Wann's interests with professional zeal; the fact that others in neutral or adversarial positions did not intervene on Mr. Wann's behalf implies nothing about the prevalence or excusability of counsel's ignorance of the law favorable to his client. Indeed, if inferences in this regard were appropriate, the prejudice prong of the Strickland test, which requires consequential error (i.e., serious legal mistakes uncorrected by anyone else involved in the proceeding), would impose a catch-22 whenever counsel's deficient performance had a professional audience, as in any adversarial court proceeding. Under such a view, even those overlooked "dead-bang winners" indicative of professional incompetence would, if prejudicial, simply reflect common, and hence presumably reasonable, professional limitations.

As our discussion thus far has perhaps already suggested, we also deem counsel's nonfeasance to have been prejudicial in the Strickland sense. "[W]hen counsel's constitutionally deficient performance results in the defendant's improper classification . . . and when that improper classification results in a significantly greater sentence, the prejudice element of Strickland is satisfied." Kissick, 69 F.3d at 1056. Mr. Wann alleges, without challenge on our record, that

his sentencing range was improperly enhanced from 63 - 78 months to 110 - 134 months on each methamphetamine count. That is a significant difference reflecting cognizable prejudice. Cf. id.

That said, we acknowledge that the true character of the methamphetamine involved in Mr. Wann's offenses has never been determined. Thus, just as in Kissick where the record could not confirm or refute the requisite nature of the prior offense used to enhance the defendant's sentence, "the record before us does not allow a definitive conclusion as to the performance of [defense] counsel and the impact of that performance on the sentence received by Mr. [Wann]." Id. (emphasis added). "Because of the significant impact of the [substance classification] on sentencing and because the nature of the [substance] was not specifically addressed by the district court in either the initial sentencing or the Section 2255 proceedings, we conclude that this matter should be remanded to the district court." Id. at 1057. The district court should determine, if possible, the type of methamphetamine involved in Mr. Wann's offenses. If the government can establish that the substance was in fact D-methamphetamine,[5] Mr. Wann

---

[5]

While we hold, following Kissick, 69 F.3d at 1057, that counsel's deficient representation should not relieve the government of its original obligation to substantiate any enhanced sentence imposed, we emphasize that this burden is not unduly onerous in the present circumstances. As already noted, the government need prove the factual prerequisites for sentencing only by a preponderance of the evidence. Moreover, if the substance or mixture involved in the offense

(continued...)

-11-

obviously would not be entitled to resentencing; otherwise, however, it must be concluded that defense counsel's failure to challenge Mr. Wann's sentence in this regard satisfies the performance and prejudice elements of Strickland and, consequently, that Mr. Wann's enhanced sentence cannot stand. Kissick, 69 F.3d 1057.

### III. Defendant Glover

Our substantive discussion of Mr. Wann's ineffective assistance claim is equally pertinent with respect to Mr. Glover (who received concurrent 151-month prison terms, and five years' supervised release, on the methamphetamine counts). However, certain procedural complications attend the disposition of Mr. Glover's § 2255 motion. First, the government maintains that the motion, which lists "Illegal Sentence" as the sole ground for relief, see R doc. 106 at 6, failed to raise the issue of counsel's ineffectiveness. Mr. Glover did, however, cite counsel's nonfeasance at sentencing as part and parcel of the principal claim asserted: "At no time during the Sentencing proceeding did the Government, Court, or my retained Attorney ascertain what type of methamphetamine was the drug:

---

[5](...continued)
contained any detectable amount of D-methamphetamine, the defendant may be sentenced at the higher level. See United States v. Decker, 55 F.3d 1509 (10th Cir. 1995). Finally, even "[w]hen . . . no direct evidence of the drug's chemical composition or the method of its manufacture is available, circumstantial evidence may be sufficient to determine which isomer is involved." United States v. Dudden, 65 F.3d 1461, 1471 (9th Cir. 1995); see, e.g., Lande, 40 F.3d at 331.

D-Methamphetamine or L-Methamphetamine." Id. In Osborn v. Shillinger, 997 F.2d 1324 (10th Cir. 1993), this court was confronted with a habeas petition which, like Mr. Glover's § 2255 motion, tied secondary allegations of counsel misconduct to a distinct "primary" claim. Specifically, the petitioner bolstered an involuntary-plea claim by alleging that "error[] by the court and his counsel . . . also coerced him into making the plea." Id. at 1326. This court held that the adequacy of counsel's representation had been sufficiently raised by the petition: "Though [petitioner] does not directly state a claim for ineffective counsel . . ., we must construe his claims liberally because he appears pro se. On that basis, we will address his contentions of counsel failure as ineffective assistance." Id. at 1328 n.1 (citations omitted). We follow the same course here.

A more formidable procedural obstacle to Mr. Glover's motion may have been overlooked by the government. The present proceeding is, by Mr. Glover's own admission, his second attempt to obtain relief under § 2255. See R doc. 106 at 3-5. If, once given an opportunity to address the potential abuse-of-procedure problem evident here, Mr. Glover is unable to justify his earlier omission of the ineffective-assistance claim, his motion may be subject to dismissal on that basis. We leave the engagement and resolution of this matter to the sound discretion of the district court on remand. See generally Sanders v. United States, 373 U.S. 1, 18 (1963); Hawkins v. Evans, 64 F.3d 543, 545-46 (10th Cir. 1995).

-13-

The judgment of the United States District Court for the Northern District of Oklahoma denying defendants relief under 28 U.S.C. § 2255 is REVERSED, and the cause is REMANDED for further proceedings consistent with this order and judgment.