**Dean J. SMITH, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

Civil Action No. 96–S–1536.
Criminal Action No. 90–CR–249–3.

United States District Court,
D. Colorado.

Oct. 29, 1996.

**1440**

David Gaouette, John M. Hutchins, Denver, CO, for Petitioner.

Irving P. Andrews, Denver, CO, for Respondent.

## ORDER

SPARR, District Judge.

THIS MATTER comes before the Court on Petitioner's Motion to Review, Set–Aside or Modify Sentence Pursuant to 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(2), filed June 24, 1996. The Court has reviewed the motion, the Government's response, the applicable law and is fully advised in the premises.

Petitioner states that his sentence was enhanced on the assumption that the methamphetamine was D-methamphetamine rather than L-methamphetamine, which would have resulted in a substantially lower sentence. He argues that he received ineffective assistance of counsel based on his counsel's failure to demand written results of testing on the methamphetamine at issue.

The Government responds with several arguments. It also points out that there is a very recent Tenth Circuit case which, as it turns out, disposes of several of its arguments, *United States v. Glover*, 97 F.3d 1345 (10th Cir.1996).

The first of the Government's arguments is that Petitioner waived any objection to the portion of the presentence report that, by implication, referred to the type of methamphetamine by not objecting to the presentence report before or at the time of his sentencing. Similarly, the next argument is that, because the Petitioner's guilty plea was made voluntarily, it constitutes a waiver of the acts in the indictment as well as the legal consequences of those acts. The Government also argues that the failure of Petitioner's counsel to insist on written results of the testing is not ineffective assistance of counsel because, among other things, there is. evidence that Petitioner's counsel investigated the possibility of making an argument about the type of methamphetamine and decided. against it.

▮ All of these arguments are foreclosed by *Glover*. That case considered a very similar fact situation and made findings that are pertinent to this case as well. The court found that a failure to object at the time of sentencing to the lack of evidence regarding the type of methamphetamine is not waived when a defendant claims that the failure was

a result of ineffective assistance of counsel. *Glover* at 1348. Likewise, the court held that a voluntary guilty plea cannot waive objections to independent sentencing errors which, by necessity, occur at a later time. *Id.*

■ The court also found that a defendant who argued ineffective assistance of counsel, based on the same failure to insist on proof at sentencing of D-methamphetamine instead of L-methamphetamine, had fulfilled the requirements of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Government has the burden of proof and production during sentencing to establish the amounts and types of controlled substances. *United States v. Deninno,* 29 F.3d 572, 580 (10th Cir.1994). "When counsel has unwittingly relieved the Government of its burden of proof, particularly when the evidence of record does not satisfy the burden, it is fair to say that counsel has 'so undermined the proper functioning of the adversarial process that [it] cannot be relied on as having produced a just result.'" *Glover* at 1349, quoting *Strickland* at 686, 104 S.Ct. at 2064 (alteration in original).

■ The Government raises two additional arguments which are not dealt with in *Glover.* The first is essentially an argument that Petitioner has failed to show prejudice based on the Government's failure to prove the type of methamphetamine. As part of this argument, the Government cites the statutory mandatory minimum set forth in 21 U.S.C. § 841(b)(1)(A)(viii). The Government argues that under Count Twelve of the Indictment to which Petitioner pled guilty, he was subject to a sentence of 120 months pursuant to 21 U.S.C. § 841(b)(1)(A)(viii).

The Court notes that the presentence report refers to a conflict between 841(b)(1)(A)(viii) and 21 U.S.C. § 841(b)(1)(B)(viii) which provides for a mandatory minimum of five years for the same amount of methamphetamine. Accordingly, it is uncertain whether Petitioner would in fact be subject to a mandatory minimum sentence of 10 years.

In any case, Petitioner's present sentence is 128 months which is obviously in excess of 10 years and the additional eight months is sufficient to show prejudice. Additionally, it appears that the difference in sentence could be much larger because Petitioner, like the defendant in *Deninno,* could be looking at a base offense level of 26 rather than 34 if the sentence was computed based on L-methamphetamine rather than D-methamphetamine. The resulting sentence could then be significantly lower.

■ The Government's final argument deals with the new time limitation on actions brought under 28 U.S.C. § 2255. That statute was amended on April 24, 1996 as part of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132. The amended statute provides for a one year period of limitation on the filing of actions based on § 2255. The period runs from the latest of several occurrences, none of which apply here. In researching the application of this new provision, the Court has found two cases which applied the time limit strictly: *United States v. Bazemore,* 929 F.Supp. 1567 (S.D.Ga.1996) and *Harold v. United States,* 932 F.Supp. 705 (D.Md.1996), as well as one case which has avoided the issue by denying the case on the merits, *Nixon v. United States,* 1996 WL 539786 (E.D.Pa.1996).

In this case, the Court finds that Petitioner filed his motion pursuant to 28 U.S.C. § 2255 two months after the effective date of the amendments to the statute. Since the date of Petitioner's conviction was January 25, 1991, the Government's argument, urging a literal reading of the statute, would foreclose the Petitioner from filing any petition under § 2255. The Court finds that this result would be intolerable and that defendants whose date of conviction would *per se* preclude the filing of a petition pursuant to § 2255 under a literal reading of the amendment, were surely meant to have one year from the date of the amendment to file their petitions. Consequently, this Court finds that Petitioner's motion is not time-barred under the one year time limit in § 2255.

Accordingly, Petitioner's Motion to Review, Set–Aside or Modify Sentence Pursuant to 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(2) is Granted. Pursuant to 18 U.S.C. § 3006A(b), the Court appoints Irving

Andrews to represent Petitioner from this point on. The Office of the United States Attorney is ordered to make arrangements for transportation of Petitioner to this district for further proceedings. A sentencing hearing will be set after the Petitioner arrives in the District of Colorado.