F I L E D
United States Court of Appeals
Tenth Circuit

JAN 27 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CHARLES BLANCHARD,

Defendant-Appellant.

No. 96-1108
(D.C. No. 91-CR-244-N)
(D. Colo.)

ORDER AND JUDGMENT*

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  Therefore, the case is ordered submitted without oral argument.

Charles Blanchard filed a Motion for Review of Sentence, which the district court construed as a motion to review an illegal sentence pursuant to 28 U.S.C. § 2255. Blanchard appeals the denial of his motion.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In 1992, Blanchard entered a plea of guilty to one count of conspiracy to distribute in excess of 100 grams of methamphetamine, contrary to 21 U.S.C. §§ 841(a)(1) and 846. In the plea agreement, Blanchard stipulated the offense involved 54 pounds of methamphetamine and that the appropriate base offense level was 36. This base offense level was appropriate for a conviction relating to d-methamphetamine rather than l-methamphetamine.[1] The presentence report also calculated the base offense level on the assumption the substance involved was d-methamphetamine, although no testing was done to determine the composition of the substance and the government introduced no evidence of the type of methamphetamine involved. As regards the methamphetamine in question, Blanchard's only objection to the presentence report was that it calculated his sentence based on pure methamphetamine rather than a mixture containing methamphetamine. In an addendum to the presentence report, the probation office concluded there was insufficient evidence to determine the purity of the methamphetamine and concluded Blanchard "was responsible for the manufacture of 54 pounds of methamphetamine, not pure." Addendum at 2. Blanchard was sentenced in May 1992 based on a mixture containing d-methamphetamine to 120 months' imprisonment.

In his motion for review of sentence, Blanchard contends for the first time that the district court erred in sentencing him on the basis of d-methamphetamine rather than l-methamphetamine in the absence of any evidence showing the methamphetamine involved was d-methamphetamine. The version of the sentencing guidelines in effect at the time he was sentenced produced a significantly harsher sentence for

---

[1] See U.S.S.G. § 2D1.1(c)(4) and Drug Equivalency Tables (1993).

d-methamphetamine than for l-methamphetamine.[2]

Because Blanchard did not object to the presentence report's reliance upon d-methamphetamine rather than l-methamphetamine, even though that report clearly calculated his base offense level using d-methamphetamine, we affirm the denial of Blanchard's motion. "The government has the burden of proof and production during the sentencing hearing to establish the amounts and types of controlled substances related to the offense." United States v. Deninno, 29 F.3d 572, 580 (10th Cir. 1994), cert. denied 130 L. Ed.2d 1081 (1995). Although the government has the burden of proving the type of methamphetamine, "the burden of alleging factual inaccuracies of the presentence report is on the defendant." Id. "Failure to object to a fact in a presentence report, or failure to object at the hearing, acts as an admission of fact." Id. Consequently, Blanchard has failed to preserve this issue. In the absence of an objection, we review only for plain error. Id. "However, factual disputes do not rise to the level of plain error. By failing to make any objections to the scoring of the methamphetamine, [defendant] has in effect waived the issue for appeal." Id. at 580 (citation omitted).

Blanchard does not base his claim for relief on an ineffective assistance of counsel allegation for failure to require the government to prove the type of methamphetamine involved. Compare United States v. Glover, 97 F.3d 1345, 1348 (10th Cir. 1996) (failure to object precluded belief based on absence of evidence methamphetamine involved was d-methamphetamine, but did not preclude claim of ineffective assistance of counsel). Nor would such a claim be warranted under the facts of this case.

_____

[2] Under the U.S.S.G. § 2D1.1 Drug Equivalency Tables, one gram of d-methamphetamine mixture was equivalent to one kilogram of marijuana while one gram of l-methamphetamine was equivalent to forty grams of marijuana.

Not only did Blanchard fail to object to the calculation based upon d-methamphetamine in the presentence report, he also concedes in his opening brief the methamphetamine he manufactured was at least fifteen percent d-methamphetamine. Brief at 8. Blanchard was not sentenced based on 54 pounds of pure d-methamphetamine, but rather his sentence was based on 54 pounds of a mixture containing d-methamphetamine. The presence of any amount of d-methamphetamine in the mixture justifies this sentence computation. See United States v. Decker, 55 F.3d 1509, 1513 (10th Cir. 1995).

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-4-