**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 5 1997**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

# TENTH CIRCUIT

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

WILLY REESE,

  Defendant-Appellant.

No. 97-2181
(D.C. No. CIV-97-265-MV)
(New Mexico)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Willy Reese, a pro se prisoner, brought this habeas corpus action pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of trial counsel for failure to object to various aspects of his 78-month sentence for possession with intent to distribute more than ten grams of methamphetamine and aiding and abetting in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(B), and 18 U.S.C. § 2. The district court adopted the proposed findings and recommendations of the magistrate judge and dismissed the action with prejudice. Mr. Reese now asks us to grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1) in order that he might appeal the district court's denial of his § 2255 motion.

The Magistrate Judge's Proposed Findings and Recommended Disposition sets forth in detail Mr. Reese's claims and his failure to demonstrate ineffective assistance. Mr. Reese first asserts he was sentenced for possession of "actual" methamphetamine without any proof that he possessed other than "regular" methamphetamine. However, the term "actual" in the Sentencing Guidelines does not refer to types of methamphetamine, but rather indicates that defendant is to be sentenced only according to the portion of the substance that is actually methamphetamine. See U.S.S.G. § 2D1.1, Note B to Drug Quantity Table. Furthermore, the guidelines applicable to Mr. Reese's sentencing make no distinction between types of methamphetamine for purposes of sentencing. See

United States v. Glover, 97 F.3d 1345, 1347 n.2 (10th Cir. 1996); United States v. Rodriquez, 989 F.2d 583, 587 (2d Cir. 1993).

Mr. Reese next contends that his sentence was improperly enhanced due to the loaded gun found in his car at the time of his arrest and that he was prejudiced by his attorney's failure to object. However, counsel *did* object to the enhancement. Moreover, even had his objection been sustained, Mr. Reese's 78-month sentence would still have fallen within the sentence range applicable absent the enhancement. Since Mr. Reese has failed to show either cause or prejudice for his failure to raise his claims on direct appeal, the claims are procedurally barred. See United States v. Kahn, 835 F.2d 749, 753-54 (10th Cir. 1987); Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Frady, 456 U.S. 152, 168 (1982).

We conclude that Mr. Reese has failed to demonstrate the denial of a constitutional right by showing that the issues raised on his appeal are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. We **DENY** the certificate of appealability and **DISMISS** the appeal. See Lenox v. Evans, 87 F.3d 431 (10th Cir. 1996),

cert. denied, 117 S. Ct. 746 (1997); United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997).

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge