**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 24 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

DANIEL ADAM WARD,

     Defendant-Appellant.

No. 98-6075
(W.D. Okla.)
(D.Ct. No. CIV-97-1422-C)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **SEYMOUR, BRORBY**, and **BRISCOE**, Circuit Judges.

_____

     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Daniel Ward, a federal inmate, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. On careful review, we deny Mr. Ward's application for a certificate of appealability for failure to demonstrate a substantial showing of a denial of a constitutional right and dismiss his appeal.

A jury convicted Mr. Ward on multiple drug-trafficking counts, and the court sentenced him to 292 months imprisonment. *United States v. Ward*, 92 F.3d 1197 (10th Cir. 1996) (unpublished decision). His direct appeal centered, in part, on the district court's calculation of his sentence using a base offense level for d-methamphetamine rather than the weaker drug, l-methamphetamine. Because Mr. Ward's counsel made no objection at sentencing as to the type of methamphetamine used, we found the issue foreclosed by our holding in *United States v. Deninno*, 29 F.3d 572, 580 (10th Cir. 1994), *cert. denied*, 513 U.S. 1158 (1995), and affirmed his sentence.

Unsuccessful in his direct appeal, Mr. Ward then filed this § 2255 action, raising two claims of ineffective assistance of counsel with respect to his sentencing. First, he claims he was prejudiced by his attorney's failure to object

to the type of methamphetamine considered in his sentencing.[1] Mr. Ward relies on this court's decision in his prior appeal and *United States v. Glover*, 97 F.3d 1345 (10th Cir. 1996), to support this claim. Second, Mr. Ward argues he was prejudiced by his attorney's failure to object to the district court's consideration of a prior, uncounseled misdemeanor conviction in determining his criminal history score. Mr. Ward contends his prior conviction cannot be used because it did not involve a knowing and intelligent waiver of counsel as required under *Faretta v. California*, 422 U.S. 806, 836 (1975), for a custodial sentence. Mr. Ward contends he only waived his right to counsel because of the promise of receiving a sentence of "time served."

The district court, in addressing Mr. Ward's claims of ineffective counsel, acknowledged that, under *Glover*, an ineffective counsel claim may exist if counsel fails to object and no determination is made whether a "botched" attempt to produce d-methamphetamine results in a weaker form of methamphetamine.[2]

---

[1] Mr. Ward contends the district court should calculate his sentence on only the 658.93 grams actually proven to be d-methamphetamine. The remaining 14.28 grams of methamphetamine, he contends, should be treated as l-methamphetamine because (1) it was not tested or proven to be d-methamphetamine at either the trial or sentencing hearing; and (2) some trial witnesses testified the methamphetamine supplied to them by Mr. Ward was poor quality.

[2] Amendment 518 of the United States Sentencing Guidelines, effective November 1, 1995, states, in pertinent part: "L-methamphetamine, which is a rather

*Cf. Glover*, 97 F.3d at 1349-50.  However, the district court found in this case "the record clearly shows that the drugs involved were d-methamphetamine."  For that reason, the district court determined Mr. Ward suffered no prejudice by his counsel's failure to object to the type of methamphetamine to be considered at sentencing.

The district court next considered Mr. Ward's ineffective assistance of counsel claim with respect to his attorney's failure to object to use of his misdemeanor conviction in sentencing.  On review of the facts, the district court found Mr. Ward served five days in jail on a conviction for driving under the influence.  The court determined Mr. Ward was advised of his right to counsel, and knowingly and intelligently waived that right.  Applying the United States Sentencing Commission Guidelines Manual, § 4A1.2, the district court found Mr. Ward's "uncounseled" conviction appropriate for use in determining his criminal history score.

When reviewing the denial of a § 2255 motion, we review the district court's legal rulings *de novo*, and its factual findings for clear error.  *See United*

_____

weak form of methamphetamine, is rarely seen and is not made intentionally, but rather results from a botched attempt to produce d-methamphetamine."

*States v. Cox*, 83 F.3d 336, 338 (10th Cir. 1996). Ineffective assistance of counsel claims involve mixed questions of law and fact, which we review *de novo*. *See United States v. Prows*, 118 F.3d 686, 691 (10th Cir. 1997). To succeed on an ineffective assistance of counsel claim, Mr. Ward must show (1) his attorney's performance was deficient, thus falling below an "objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), and (2) the deficient performance prejudiced his defense such that, but for the error "the result of the proceeding would have been different." *Id.* at 687, 694. We consider the totality of the evidence in determining whether Mr. Ward was prejudiced. *Id.* at 695.

A review of the record establishes the government presented expert testimony on the type of methamphetamine involved. While the government did not test all the methamphetamine attributed to Mr. Ward, it did test three samples of confiscated methamphetamine which proved to be d-methamphetamine. A methamphetamine distributor and key witness for the government testified he himself normally tested the methamphetamine purchased from Mr. Ward, and he continued to purchase it because of (1) its good quality, and (2) it could be "cut ... in two."

Conversely, the record also establishes the same witness stated the quality declined when purchased through a middle man named T.J. Langston, who admittedly mixed the methamphetamine bought from Mr. Ward. Other witnesses testified they purchased good methamphetamine from Mr. Ward, but on occasion the quality was poor, the quality declined when purchased through Mr. Langston, or, as in one instance, a poor product was replaced with better quality methamphetamine. Mr. Ward relies on this testimony concerning poor quality methamphetamine to support his claim.

At sentencing, the trial judge, as fact finder, has discretion to resolve all conflicting testimony, to weigh the evidence, and to draw inferences from the basic facts to the ultimate facts. *See United States v. Nieto*, 60 F.3d 1464, 1469 (10th Cir. 1995), *cert. denied*, 516 U.S. 1081 (1996). Similarly, credibility determinations are within the sound discretion of the judge. *See United States v. Gobey*, 12 F.3d 964, 967 (10th Cir. 1993). We review the sentencing court's factual findings as to the type or quality of methamphetamine for clear error. *See United States v. Morales*, 108 F.3d 1213, 1225 (10th Cir. 1997). To constitute clear error, we must be convinced the sentencing court's findings are simply not plausible or permissible in light of the entire record on appeal, remembering we are not free to substitute our judgment for that of the district court. *Id.*

Moreover, we must view all disputed evidence and reasonable inferences drawn from the evidence "in the light most favorable to the government." *United States v. Gay*, 774 F.2d 368, 372 (10th Cir. 1985). Viewing the record in this light and giving appropriate deference to the district court, we conclude the district court's finding the methamphetamine was d-methamphetamine was not clearly erroneous.

Mr. Ward relies on *Glover* to support his ineffective assistance of counsel claim. However, both defendants in *Glover* were sentenced without any proof or finding regarding the nature or type of methamphetamine. *See* 97 F.3d at 1348, 1350-51. Here, the government introduced evidence, including expert testimony, on the type or quality of methamphetamine distributed by Mr. Ward. Given the district court's supportable finding the methamphetamine was "clearly" d-methamphetamine, we cannot say Mr. Ward's attorney's failure to object to the type of methamphetamine prejudiced him such that, but for the error "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687, 694. In considering the totality of the evidence, we find Mr. Ward was not prejudiced.

With respect to Mr. Ward's second claim, we conclude counsel's failure to object to the use of Mr. Ward's prior "uncounseled" conviction did not prejudice him. We have interpreted the holding in *Nichols v. United States*, 511 U.S. 738

-7-

(1994), to mean "'prior uncounseled misdemeanor convictions *that are themselves constitutional* may be used to enhance punishment for subsequent convictions.'" *United States v. Windle*, 74 F.3d 997, 1001 (10th Cir.), *cert. denied*, 517 U.S. 1115 (1996) (emphasis added) (quoting *United States v. Lockhart*, 37 F.3d 1451, 1454 (10th Cir. 1994)). Under this analysis, Mr. Ward cannot successfully assert prejudice by counsel's failure to object, unless his waiver was unconstitutional, as he now claims.

On review of the record concerning the circumstances surrounding Mr. Ward's waiver of counsel preceding his prior misdemeanor conviction, we find nothing to indicate his waiver was unconstitutional. On August 5, 1988, Mr. Ward signed a waiver informing him of his right to have an attorney, and acknowledging he waived his right with "full knowledge and understanding." The waiver included his declaration that no one promised him a lighter sentence or any favor to induce him to sign the waiver. The record does not contain the exact colloquy at his hearing, but it does show the court informed Mr. Ward as to the "perils, pitfalls, dangers and disadvantages of self-representation" and his right to have an attorney at all stages of the proceeding, including a court-appointed attorney, as well as other constitutional rights. At the hearing, Mr. Ward acknowledged his understanding of his waiver, and stated he voluntarily,

intelligently, and expressly waived the right to counsel. Other than Mr. Ward's own declaration, filed nine years after his conviction, nothing in the record establishes the trial court improperly directed him to waive his right to counsel in exchange for a sentence of time served.

Where the record clearly shows right to counsel was expressly waived, the defendant has the burden of showing his waiver was not knowingly and intelligently made, or is otherwise constitutionally infirm. *See United States v. Williamson*, 806 F.2d 216, 220 (10th Cir. 1986). Mr. Ward has failed to carry that burden. He has failed to (1) show the waiver was not knowingly, intelligently or voluntarily made; (2) provide actual evidence, other than his declaration, suggesting he waived counsel under improper pretense or expectation; or (3) cite any authority establishing the sentencing court must inform Mr. Ward of every future application or ramification of his waiver, including the fact an uncounseled conviction may be used to score his criminal history at a later date. In sum, even if his counsel raised an objection to use of his prior conviction, Mr. Ward has not shown "the result of the proceeding would have been different." *Strickland,* 466 U.S. at 687, 694. Accordingly, the district court properly determined Mr. Ward experienced no prejudice by his counsel's failure to object to the use of his prior, uncounseled conviction to score his criminal history. *See Windle*, 74 F.3d at

1001.

For these reasons, we deny Mr. Ward's application for a certificate of appealability for failure to demonstrate a substantial showing of a denial of a constitutional right, and **DISMISS** this appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge