**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 18, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FELIPE BEDOLLA-IZAZAGA,

      Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

      Respondent-Appellee.

No. 10-3265
(D.C. No. 5:04-CR-40001-SAC-2)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **TACHA,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is,
therefore, submitted without oral argument.

Petitioner Felipe Bedolla-Izazaga (Izazaga), appearing pro se, appeals the

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

district court's denial of his petition for a writ of audita querela.[1] Izazaga was convicted by a jury of several crimes in connection with methamphetamine distribution. He was sentenced on June 20, 2006 to a total term of 360 months' imprisonment.[2] He previously filed two motions to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, both of which were dismissed. He then filed the instant petition for a writ of audita querela, in which he cited United States v. Booker, 543 U.S. 220 (2005), and Apprendi v. New Jersey, 530 U.S. 466 (2000), to argue that his sentence was invalid because the government was not required to prove at trial that the substance at issue was D-methamphetamine, rather than L-methamphetamine.[3] The district court dismissed the petition on the basis that Izazaga's arguments were cognizable under 28 U.S.C. § 2255 and, therefore, not a proper basis for a writ of audita querela. We affirm.

---

[1] Izazaga also filed a motion for a certificate of appealability. A certificate of appealability is not required to appeal the dismissal of a petition for a writ of audita querela. United States v. Torres, 282 F.3d 1241, 1247 n.9 (10th Cir. 2002); see also United States v. Kwan, 407 F.3d 1005, 1009 (9th Cir. 2005), abrogated on other grounds by Padilla v. Kentucky, 130 S. Ct. 1473 (2010); United States v. Baptiste, 223 F.3d 188, 189 n.1 (3d Cir. 2000) (per curiam).

[2] Izazaga was sentenced to 360 months' imprisonment on each of four counts of conviction, forty-eight months' imprisonment on each of three counts, and 240 months' imprisonment on one count, all to run concurrently.

[3] Prior to 1995, D and L methamphetamine were treated differently under the sentencing guidelines. "As of November 1, 1995, this distinction between methamphetamine types has been eliminated, and L-methamphetamine is now treated the same as D-methamphetamine under the Guidelines." United States v. Glover, 97 F.3d 1345, 1347 n.2 (10th Cir. 1996) (internal quotation omitted).

The common law writ of audita querela permitted a defendant to obtain "'relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment.'" United States v. Ayala, 894 F.2d 425, 427 (D.C. Cir. 1990) (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2867 (1973)). For the purposes of this case, we assume without deciding that a prisoner may seek a writ of audita querela under the All Writs Act, 28 U.S.C. § 1651. See Torres, 282 F.3d at 1245 n.6. However, "a writ of audita querela is 'not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255.'" Id. at 1245 (quoting Tavares v. Massachusetts, 59 F. Supp. 2d 152, 155 (D. Mass. 1999)). This is because "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam); see also Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999) ("28 U.S.C. § 2255 is the exclusive remedy for a federal prisoner attacking the legality of his detention.").

Izazaga's claims challenge the validity of his sentence, and §2255 is the proper avenue to pursue such claims. Izazaga argues that a writ of audita querela is appropriate because he cannot meet the Antiterrorism and Effective Death Penalty Act of 1996's (AEDPA) requirements regarding second or successive § 2255 petitions. See ROA at 51. But, the fact that Izazaga may be barred from

3

bringing another §2255 petition does not establish that the § 2255 remedy is inadequate or ineffective. Caravalho, 177 F.3d at 1178; see also Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (per curiam) ("Massey may not seek relief through a petition for a writ of audita querela on the basis of his inability to satisfy the requirements of [AEDPA] for filing a second or successive § 2255 motion to vacate sentence."); United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001) (per curiam) ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs."). Similarly, the fact that Izazaga disagrees with the disposition of his prior § 2255 petitions does not establish that the § 2255 remedy is inadequate or ineffective. Izazaga's claims cannot be brought in a petition for writ of audita querela. Therefore, the decision of the district court is affirmed.

Entered for the Court

Mary Beck Briscoe
Chief Judge

4