**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 13, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

FELIPE BEDOLLA-IZAZAGA,

　　　　Defendant-Appellant.

No. 11-3312
(D.C. Nos. 5:11-CV-04065-SAC
& 5:04-CR-40001-SAC-2)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **MURPHY**, and **HARTZ**, Circuit Judges.

---

　　Felipe Bedolla-Izazaga, a federal prisoner proceeding pro se, seeks to appeal the district court's dismissal of his most recent 28 U.S.C. § 2255 motion as an unauthorized second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h) (placing restrictions on second or successive § 2255 motions and requiring circuit court authorization to proceed in district court). We deny a certificate of appealability (COA) and dismiss this proceeding.

---

[*]　　This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The court sentenced Mr. Bedolla-Izazaga to 360 months of imprisonment for drug-related offenses. He did not appeal, but since has sought relief from his convictions in several filings: a § 2255 motion, which the district court denied; a motion seeking reconsideration of the denial of the § 2255 motion, which the district court transferred to this court as requiring authorization under § 2255(h), *see In re Bedolla-Izazaga*, No. 10-3094 (10th Cir. June 17, 2010) (unpublished order denying remand and authorization to proceed in district court); and a motion for a writ of audita querela, which the district court denied and this court affirmed, *Bedolla-Izazaga v. United States*, 413 F. App'x 20, 21 (10th Cir. 2011).

Mr. Bedolla-Izazaga most recently filed a new § 2255 motion, in which he asserted that his counsel was ineffective for failing to file a notice of appeal, the government improperly divided a single offense into multiple charges, the government failed to show that the substance in question was D-methamphetamine rather than L-methamphetamine, and the jury instructions relieved the government of its burden of proof. The district court held that the new motion was attempting to assert unauthorized second or successive § 2255 claims and dismissed it for lack of jurisdiction, *see In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

Mr. Bedolla-Izazaga now requests a COA from this court. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). To obtain one, he must show both "that jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The new § 2255 motion undoubtedly seeks to challenge Mr. Bedolla-Izazaga's convictions. Because he already has pursued relief from his convictions under § 2255, his new § 2255 motion is second or successive and subject to the restrictions of § 2255(h). Therefore, he was required to obtain this court's authorization to file his new § 2255 motion. In the absence of such authorization, the district court did not err in dismissing the motion for lack of jurisdiction. *See Cline*, 531 F.3d at 1251. No reasonable jurist would find any of these matters debatable.

A COA is DENIED and this matter is DISMISSED. We also DENY Mr. Bedolla-Izazaga's motion to proceed on appeal without prepayment of costs or fees. The district court and this court have both explained to Mr. Bedolla-Izazaga that second or successive § 2255 motions are allowed only in very limited circumstances that are spelled out in § 2255(h). His new § 2255 motion indisputably seeks to challenge his criminal convictions and was filed without this court's authorization. On appeal, rather than addressing why the district court might have erred in dismissing his motion as an unauthorized second or successive § 2255 motion, Mr. Bedolla-Izazaga reargues the merits of his underlying claims of error and seeks vacatur of his convictions. In short, he has

failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised" in this proceeding.  *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk