UNITED STATES of America,
Plaintiff–Appellee,

v.

Cliff LANDE, Defendant–Appellant.

No. 94–8038.

United States Court of Appeals,
Tenth Circuit.

Nov. 9, 1994.

Rehearing Denied Feb. 3, 1995.

David A. Kubichek, Asst. U.S. Atty. (David D. Freudenthal, U.S. Atty., John R. Barksdale, Asst. U.S. Atty., with him on the brief), Casper, WY, for plaintiff-appellee.

Michael R. O'Donnell, Asst. Federal Public Defender (Michael G. Katz, Federal Public Defender, with him on the brief), Cheyenne, WY, for defendant-appellant.

Before BALDOCK, REAVLEY,* and BRORBY, Circuit Judges.

BALDOCK, Circuit Judge.

Defendant Cliff Lande appeals his sentence for conspiracy to possess with intent to distribute methamphetamine, 21 U.S.C. § 846. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.

Defendant pled guilty to conspiracy to possess with intent to distribute methamphetamine, 21 U.S.C. § 846. Prior to sentencing, the United States Probation Office prepared and filed a presentence report. The presentence report recommended that the district

---

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation.

court calculate the quantity of methamphetamine attributed to Defendant as the isomer dextro-methamphetamine ("D-methamphetamine"), rather than the less potent isomer levo-methamphetamine ("L-methamphetamine").[1] Defendant objected to calculation of his sentence on the basis of the more potent D-methamphetamine.

At the sentencing hearing, the government introduced affidavits by Drug Enforcement Agency ("DEA") Senior Forensic Chemists Roger A. Ely and Harry F. Skinner, and testimony by Steve Street, a coconspirator of Defendant. The government offered the DEA affidavits and the testimony in order to demonstrate that it was more likely than not based on the preponderance of the evidence that the methamphetamine involved in the offense was D-methamphetamine.

The affidavit by Roger A. Ely stated that the two dominant methods by which clandestine laboratories produce methamphetamine yield either pure D-methamphetamine, or a mixture of D-methamphetamine and L-methamphetamine ("D,L-methamphetamine"). Mr. Ely stated he had never encountered pure L-methamphetamine in his sixteen years experience analyzing suspected methamphetamine samples produced by over 150 clandestine laboratories. Further, the affidavit stated that L-methamphetamine has little if any stimulating properties compared to D-methamphetamine, and that it was therefore unlikely that clandestine laboratories would intentionally manufacture L-methamphetamine.

The affidavit by Harry F. Skinner stated, "[E]xamination of all methamphetamine exhibits analyzed in the last ten years at the DEA Southwest laboratory shows D-methamphetamine or D,L-methamphetamine only. No exhibits of methamphetamine were analyzed to be in the form of L-methamphetamine." Mr. Skinner's affidavit concluded that it was not probable that clandestine laboratories would manufacture L-methamphetamine.

Steve Street, a coconspirator of Defendant, testified that he purchased high quality, potent methamphetamine from Defendant between Fall 1989 and February 1990. Mr. Street testified that the methamphetamine he obtained from Defendant was better than what he had used a "couple hundred" times before because he "didn't have to do very much of it quantity wise. And I was able to stay up for hours and hours on end. You know, I'm talking a couple, three days." At the conclusion of his testimony, the government and Defendant stipulated that Steve Street's wife Cindy Street would also testify that the methamphetamine was very potent.

On the basis of the DEA affidavits and Steve Street's testimony, the district court ruled that it was more likely than not under a preponderance of the evidence that the methamphetamine was D-methamphetamine. Thus, the district court sentenced Defendant to twenty-seven months imprisonment for conspiracy to possess with intent to distribute D-methamphetamine, 21 U.S.C. § 846. This appeal followed.

■ On appeal, Defendant contends the district court erred in sentencing him for D-methamphetamine. Specifically, Defendant argues the district court erred by finding that the government had established by a preponderance of the evidence that the methamphetamine involved in the offense was D-methamphetamine instead of the less potent L-methamphetamine. We disagree.

■ We review a district court's factual finding that a specific isomer of methamphetamine was involved in criminal activity for clear error. *United States v. Deninno*, 29 F.3d 572, 580 (10th Cir.1994); *see also* 18 U.S.C. § 3742(e) (factual findings at sentencing subject to clearly erroneous review). We will not reverse a district court's finding unless it was without factual support in the record, or we are left with the definite and firm conviction that a mistake has been made after reviewing all of the evidence. *United States v. Underwood*, 982 F.2d 426, 428 (10th

---

1. The sentencing guidelines impose a significantly harsher sentence for D-methamphetamine than for L-methamphetamine. The guidelines treat one gram of L-methamphetamine as the equivalent of forty grams of marijuana. In contrast, one gram of D-methamphetamine translates to a kilogram of marijuana. *See* U.S.S.G. § 2D1.1, Drug Equivalency Tables.

Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 3043, 125 L.Ed.2d 729 (1993); *United States v. Easterling,* 921 F.2d 1073, 1077 (10th Cir.1990), *cert. denied,* 500 U.S. 937, 111 S.Ct. 2066, 114 L.Ed.2d 470 (1991). At the sentencing hearing, the burden rests on the government to establish by a preponderance of the evidence the type and quantity of methamphetamine involved in the offense. *Deninno,* 29 F.3d at 580.

Here, the government introduced affidavits of two DEA Senior Forensic Chemists who stated in their twenty-six years combined experience, they had *never* encountered a clandestine laboratory producing pure L-methamphetamine. Further, the affidavit of Roger A. Ely stated that L-methamphetamine has little if any stimulating effect.[2] In addition to this evidence, Mr. Street testified that the methamphetamine he obtained from Defendant had a significant stimulant effect because he would stay up for two to three days. Based on this evidence, we find that the district court was not clearly erroneous in concluding by a preponderance of the evidence that the methamphetamine involved in the offense was D-methamphetamine. Thus, the district court did not err in sentencing Defendant based on D-methamphetamine.

AFFIRMED.

**2.** At oral argument Defendant contended that the district court's reliance on the DEA affidavits allowed the government to shift the burden of proof to him by allowing proof of a negative— *i.e.,* the unlikelihood the methamphetamine was L-methamphetamine—to establish that D-methamphetamine was involved in the offense. However, Defendant neither raised this issue below nor briefed it in this court. Therefore we will not consider it. *See Piazza v. Aponte Rogue,* 909 F.2d 35, 37 (1st Cir.1990) ("Except in extraordinary circumstances ... a court of appeals will not consider an issue raised for the first time at oral argument."); *see also Hicks v. Gates Rubber Co.,* 928 F.2d 966, 970 (10th Cir.1991).