# UNITED STATES COURT OF APPEALS
## Tenth Circuit
## Byron White United States Courthouse
## 1823 Stout Street
## Denver, Colorado 80294
## (303) 844-3157

Patrick J.  Fisher, Jr.                                    Elisabeth A. Shumaker
Clerk                                                      Chief Deputy Clerk

December 11, 1997


TO:   All recipients of the captioned order and judgment

RE:   96-8092   USA v. Baker
      November 14, 1997


Please be advised of the following correction to the captioned decision:

On page four of the court's order and judgment, on the first line of the first paragraph, the words "a search warrant executed against his trailer was unconstitutional" following the number "1)" have been changed to read "search warrants executed against his property were unconstitutional."

Please make the appropriate correction.

                                    Very truly yours,

                                    Patrick Fisher, Clerk


                                    Beth Morris
                                    Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 14 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

VERNON EUGENE BAKER,

    Defendant-Appellant.

No. 96-8092
(D.C. No. 96-CV-91)
(D. Wyo.)

---

ORDER AND JUDGMENT[*]

---

Before ANDERSON, LOGAN, and EBEL, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Vernon Eugene Baker appeals from the district court's denial of his motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. Baker was originally convicted on two counts: possession of a controlled substance with intent to distribute and using a firearm during a drug trafficking offense. After we affirmed his conviction, see United States v. Baker, 30 F.3d 1278 (10th Cir. 1994), Baker filed a § 2255 motion. He presented various arguments, including a claim that his conviction for use of a firearm during a drug trafficking offense should be vacated in light of the Supreme Court's decision in Bailey v. United States, 116 S. Ct. 501 (1995). The district court agreed and vacated Baker's conviction and sentence on that count, while rejecting the remaining issues. The court ruled that Baker should be resentenced on the remaining count of conviction for possession of a controlled substance with intent to distribute, after consideration whether his sentence should be enhanced for possession of a weapon in connection with the commission of a drug offense. Baker's motion for reconsideration on the remaining issues was denied. After the filing of a supplemental presentence report, Baker was resentenced based on a joint stipulation with the government. Pursuant to that stipulation, Baker's guideline range was recalculated, and the district court sentenced him to the lowest sentence in that range.

In this appeal, Baker challenges the district court's ruling on his remaining issues, all of which are premised upon Baker's claims of ineffective assistance of counsel. On appeal, Baker contends that the district court erroneously concluded that most of his § 2255 issues were procedurally barred because he had failed to bring them on direct appeal. Baker is correct. As this court noted in United States v. Lopez, 100 F.3d 113, 117 (10th Cir. 1996), issues based on ineffective assistance of counsel claims are an exception to the procedural bar rule. Pursuant to United States v. Galloway, 56 F.3d 1239 (10th Cir. 1995) (en banc), Baker can bring his habeas claims for the first time in his § 2255 motion, based on his allegations of ineffective assistance of counsel as cause for his failure to raise the issues earlier. See Lopez, 100 F.3d at 117. Although the district court concluded that most of Baker's claims were procedurally barred, it also addressed and rejected his claims on the merits. Therefore, we can consider Baker's arguments on appeal in light of the district court's rulings on the merits of his claims.

The district court denied Baker a certificate of appealability.[1] Baker filed a pleading essentially reurging his request for a certificate of appealability.

---

[1] In order to appeal the district court rulings, Baker must obtain a certificate of appealability pursuant to 28 U.S.C. § 2253(c). Because his § 2255 motion was filed with the district court after enactment of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996) (AEDPA), provisions of that act requiring federal habeas appellants to obtain a certificate of appealability apply in this case. See United States v. Kunzman, No. 96-1310, 1997 WL 602507, at *1 & n.2 (10th Cir. Oct. 1, 1997).

Accordingly, we must first decide whether a certificate of appealability should issue. See United States v. Simmonds, 111 F.3d 737, 740 (10th Cir. 1997).

On appeal, Baker contends that: 1) search warrants executed against his property were unconstitutional, 2) he was incorrectly sentenced on the basis of d-methamphetamine where the government presented no evidence at sentencing on the type of methamphetamine involved, 3) the district court communicated ex parte with the jurors during deliberations, and 4) the court did not state its reasons for originally sentencing Baker in the middle of the applicable sentencing guideline range. Based on our review of these issues, the parties' arguments, the record on appeal and the applicable law, we conclude that only one of the issues meets the applicable standard. AEDPA states that a certificate of appealability may issue only if the appellant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); see Lennox v. Evans, 87 F.3d 431, 433 (10th Cir. 1996), cert. denied, 117 S. Ct. 746 (1997), overruled in part by Kunzman, 1997 WL 602507. A petitioner meets this standard if he shows that his issues "are debatable among jurists, or that a court could resolve the issues differently, or that the questions deserve further proceedings." United States v. Sistrunk, 111 F.3d 91, 91 (10th Cir. 1997). We conclude that Baker's second issue, regarding his sentencing based on d-methamphetamine, meets this standard and will be considered on appeal.

-4-

Baker argues that the district court erred in sentencing him on the basis of d-methamphetamine. Under the version of the sentencing guidelines applicable to Baker's conduct,[2] "[t]he sentencing difference between D-methamphetamine and L-methamphetamine is significant." United States v. Deninno, 29 F.3d 572, 579 (10th Cir. 1994) (noting an equivalency ratio of approximately 25 to 1 between l- and d- types). Baker correctly notes that the government presented no evidence on this issue at trial and that the confiscated drugs were never tested. Further, he notes that his counsel failed to both object at trial and raise the issue on direct appeal. Although the district court concluded that counsel's representation was not ineffective on this point, we have since decided that failure to raise this issue at sentencing amounts to ineffective assistance of counsel. See United States v. Glover, 97 F.3d 1345, 1349-50 (10th Cir. 1996).

Here, however, the district court dealt with the merits of Baker's claim, finding that the methamphetamine involved was more than likely d-methamphetamine. In making this finding, the court relied on evidence presented at trial regarding Baker's ongoing sales of methamphetamine, on an informant's statements about the excessive use of the drug by him and his

[2]     The distinction between the types of methamphetamine in the United States Sentencing Guidelines was eliminated as of November 1, 1995, and the amendment applies to conduct occurring on or after that date. See United States v. Glover, 97 F.3d 1345, 1347 n.2 (10th Cir. 1996); United States v. Apfel, 97 F.3d 1074, 1075 n.2 (8th Cir. 1996).

girlfriend, and on affidavits by DEA forensic chemists Skinner and Ely, cf. United States v. Lande, 40 F.3d 329, 330-31 (10th Cir. 1994) (discussing identical affidavits). "We review a district court's factual finding that a specific isomer of methamphetamine was involved in criminal activity for clear error." Id. at 330. Based on our review of the record, we conclude that the district court's finding in this case was not clearly erroneous.

Baker also argues that the government's failure to test the drugs and its failure to disclose to him that no testing had been done violated its duty to reveal material exculpatory evidence, as set out in Brady v. Maryland, 373 U.S. 83, 87 (1963). He claims that his sentence based on d-methamphetamine is evidence of the resulting prejudice of counsel's failure to raise the issue. We conclude that the disclosure duty announced in Brady does not apply here. The government's failure to test the methamphetamine involved is not, by itself, evidence favorable to Baker, and therefore not exculpatory under Brady.

A certificate of appealability is granted as to the arguments presented regarding Baker's sentencing based on d-methamphetamine. The judgment of the United States District Court for the District of Wyoming is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

David M. Ebel
Circuit Judge