**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 8 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BOBBY GENE RICHARDSON,

Defendant-Appellant.

No. 97-5137
(D.C. No. 97-CV-353)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **BARRETT**, and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  <u>See</u> Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Bobby Gene Richardson appeals from the district court's denial of his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The background facts of this case are fully set forth in United States v. Richardson, 86 F.3d 1537 (10th Cir. 1996), and we will repeat here only those facts necessary to our analysis. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Richardson was originally convicted of eight counts of drug trafficking and weapons charges. He was sentenced to 168 months' imprisonment on the drug convictions followed by 60 months' imprisonment on the weapons convictions. Richardson's sentence was based on the sentencing court's finding that the drug offenses involved d-methamphetamine.[1] This court affirmed Richardson's convictions on direct appeal. See id. at 1554. In his § 2255 motion, Richardson challenges his sentence on the grounds that (1) his counsel's failure to

---

[1] Methamphetamine exists in two isomeric forms: d-methamphetamine and l-methamphetamine. L-methamphetamine produces very little effect when ingested while d-methamphetamine produces the high desired by users. According to the Sentencing Guidelines in effect at the time Richardson was sentenced, in calculating a base offense level, one gram of d-methamphetamine was equivalent to one kilogram of marijuana and one gram of l-methamphetamine was equivalent to 40 grams of marijuana. See U.S.S.G. § 2D1.1 (1994), Drug Equivalency Tables. There was, therefore, a significant sentencing difference between the two isomers. See United States v. Deninno, 29 F.3d 572, 579 & n.3 (10th Cir. 1994). Because of the fact that l-methamphetamine is rarely seen and not intentionally produced, the Sentencing Guidelines were amended effective November 1, 1995, to eliminate the distinction between the two isomers. See Amendment 518, United States Guidelines Manual, Appendix C at 343-44. As of the effective date of the amendment, offenses involving l-methamphetamine are treated the same as offenses involving d-methamphetamine. See id.

object to the lack of proof that the 4.5 kilograms of methamphetamine considered by the court to be relevant conduct was, in fact, d-methamphetamine constituted ineffective assistance of counsel; and (2) the district court erred when it included the 4.5 kilograms of methamphetamine as relevant conduct in determining his base offense level under the sentencing guidelines.[2]

"We review a district court's factual finding that a specific isomer of methamphetamine was involved in criminal activity for clear error." United States v. Lande, 40 F.3d 329, 330 (10th Cir. 1994). We will not disturb a sentencing court's finding unless it lacks factual support in the record, or "we are left with the definite and firm conviction that a mistake has been made after reviewing all of the evidence." Id. The government bears the burden of proving by a preponderance of the evidence the type of methamphetamine involved in the offense of conviction. See United States v. Glover, 97 F.3d 1345, 1347 (10th Cir. 1996).

---

[2] Because Richardson filed his § 2255 motion after enactment of the Antiterrorism and Effective Death Penalty Act of 1996, provisions of that act requiring federal habeas appellants to obtain a certificate of appealability apply in this case. See 28 U.S.C. § 2253(c)(1). In this court's order of April 15, 1998, we granted Richardson a certificate of appealability on his first issue regarding his sentencing based on d-methamphetamine, but denied the requisite certificate of appealability on Richardson's issue of the quantity of drugs used to determine his sentencing range. Therefore, in this decision we review only Richardson's issue regarding the type of methamphetamine used to calculate his sentence.

The district court concluded that, even if counsel was ineffective in failing to object, Richardson was not prejudiced and the outcome of sentencing would have been the same.  See Strickland v. Washington, 466 U.S. 668, 687 (1984) (holding that in order to prevail on a claim of ineffective assistance of counsel, defendant must show that counsel's performance was deficient, and that counsel's errors prejudiced the defense).

In a recent case we held that counsel's failure to require the government to meet its burden of proof as to the type of methamphetamine involved in a drug offense constitutes ineffective assistance of counsel.  See Glover, 97 F.3d at 1349-50.  In Glover, however, the government did not present any evidence of the type of methamphetamine involved in the offenses at issue either at sentencing or in the defendant's § 2255 proceeding.  See id. at 1350.  Therefore, this court remanded the case to the district court to determine, if possible, the type of methamphetamine used in calculating the defendant's sentence.  See id.  Here, however, the government presented evidence at sentencing as to the type of methamphetamine involved in Richardson's offenses.

Richardson and coconspirator, Darrell Wayne Stone, were arrested as a result of an undercover operation involving controlled buys of narcotics.  At the time Richardson was arrested, the government, pursuant to a search warrant, seized approximately one pound of methamphetamine and six empty baggies from

Richardson's tool shed near his residence. The methamphetamine recovered was tested and found to be d-methamphetamine. The empty baggies contained methamphetamine residue.

At Richardson's trial, Stone testified that approximately two years earlier he had driven Richardson to the Tulsa airport where Richardson took delivery of approximately ten pounds of methamphetamine. Stone testified that the methamphetamine was packaged in two and a half pound vacuum sealed bags and was transferred to the kind of bags recovered in Richardson's tool shed. Stone also testified that Richardson later told him he only had one pound of methamphetamine left and owed his supplier over $100,000.

At sentencing, the government offered into evidence the lab report indicating that the methamphetamine seized from Richardson's residence was d-methamphetamine. By proffer, the government offered the testimony of the arresting police officer who was prepared to testify as to the bags containing methamphetamine residue which were seized in Richardson's tool shed. With date and time restrictions, Richardson's counsel accepted this proffer. The government then argued that this evidence was consistent with Mr. Stone's trial testimony that Richardson received a large amount of methamphetamine earlier, repackaged it into smaller portions, sold it over time, and told Stone shortly before his arrest that he had only one pound left.

Even when "'no direct evidence of the drug's chemical composition or the method of its manufacture is available, circumstantial evidence may be sufficient to determine which isomer is involved.'" Id. at 1350 n.5 (quoting United States v. Dudden, 65 F.3d 1461, 1471 (9th Cir. 1995)); see also Lande, 40 F.3d at 331 (relying on circumstantial evidence to uphold finding that drug involved was d-methamphetamine). Based upon our review of the record, we conclude that the district court did not commit clear error in finding that the methamphetamine used as relevant conduct in calculating Richardson's base offense level was, more likely than not, d-methamphetamine. Despite counsel's ineffectiveness, see Glover, 97 F.3d at 1349-50, Richardson has not demonstrated that his counsel's performance was so prejudicial "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Therefore, the district court properly denied Richardson's § 2255 motion.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge