**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 30 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LYNDELL LLOYD COX and
CLIFFORD WESLEY COX,

Defendants-Appellees.

Nos. 99-6306 & 99-6307
(D.C. Nos. 96-CV-1627
& 96-CV-1628)
(W.D. Okla)

**ORDER AND JUDGMENT** *

Before **BRORBY** , **KELLY** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals.    See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The cases are therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendants Lyndell Lloyd Cox and Clifford Wesley Cox appeal the district court's determination upon remand of their joint 28 U.S.C. § 2255 motion to vacate, set aside, or correct their sentences for conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846. [1] Having previously granted defendants' application for a certificate of appealability, see 28 U.S.C. § 2253(c), we now exercise jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255 and affirm.

## BACKGROUND

In October 1988, defendants pled guilty to conspiracy to distribute methamphetamine. The Sentencing Guidelines in effect at the time treated offenses involving d-methamphetamine more severely than those involving l-methamphetamine. United States v. Svacina, 137 F.3d 1179, 1186 (10th Cir. 1998). [2] If the substance or mixture at issue contained "any detectable amount of d-methamphetamine, the defendant may [have been] sentenced at the higher

---

[1]     Defendants had also pled guilty to unlawful manufacture of a destructive device. Their sentences on that count are not at issue in this appeal.

[2]     Both d-methamphetamine (short for "dextromethamphetamine") and l-methamphetamine (short for "levomethamphetamine") are isomeric forms of methamphetamine. United States v. McEntire, 153 F.3d 424, 431 (7th Cir. 1998). They "have the same chemical formula but different structural formulas." Id. The two types of methamphetamine also have markedly different effects on a user. Id. When ingested, d-methamphetamine "produces a profound physiological effect, creating the high desired by the drug's users," while l-methamphetamine produces little or no physiological effect. Id. The guidelines, however, no longer distinguish between the two substances. See, e.g., Svacina, 137 F.3d at 1186.

level." United States v. Glover, 97 F.3d 1345, 1350 n.5 (10th Cir. 1996). At the sentencing hearing, the government presented evidence describing the conspiracy and demonstrating the quantity of methamphetamine involved in defendants' offense, without providing specific evidence on the type of methamphetamine. Defendants were sentenced under the d-methamphetamine guideline, and their sentences were affirmed on appeal. Defense attorneys did not challenge the application of the higher level.

In their § 2255 motions, defendants asserted that the government had not proven that the methamphetamine involved contained a detectable amount of d-methamphetamine and that their attorneys were constitutionally ineffective for failing to raise this issue. The government did not respond with a claim that the drug involved in the conspiracy was d-methamphetamine. Instead, the government argued that sufficient evidence was presented at the sentencing hearing to demonstrate that the drug was d,l-methamphetamine – a third substance composed of 50% d- and 50% l-methamphetamine. The district court denied the § 2255 motions without holding an evidentiary hearing.

On appeal, this court reversed and remanded, concluding that the record was inadequate to support the trial court's findings on two factual questions: (1) whether the substance was d,l-methamphetamine and (2) if so, whether d,l-methamphetamine contains detectable d-methamphetamine, so that defendants

were properly sentenced at the higher offense level.    See United States v. Cox  ,
No. 97-6254, 1998 WL 339562, **6 (10th Cir. June 9, 1998) (unpublished).

During the evidentiary hearing on remand, the district court received
testimony from three witnesses.  The government presented two of the witnesses:
an Oklahoma State Bureau of Investigation (OSBI) chemist who had participated
in the investigation of defendants' crimes and a senior forensic chemist for the
Drug Enforcement Agency (DEA).  The OSBI chemist provided a composite list
of items seized in connection with the investigation, but destroyed without testing
for type of methamphetamine.  [3]  Both government witnesses testified that the
seized equipment and chemicals may be used in the phenyl-2-propanone (P2P)
method of manufacturing methamphetamine, which was the most common method
in use at the time.  Unless there is an error in the process, the P2P method
produces only d,l-methamphetamine.

Concerning the second issue, the witnesses stated that d-methamphetamine
is detectable in d,l-methamphetamine through a scientific process.  The process,
however, would require sophisticated equipment and would result in the
destruction of the sample.

---

[3]      Certain items, such as chemicals, glassware, and apparatus, were destroyed
at the scene or shortly thereafter.  A laboratory report and other investigatory
materials may have been destroyed in the April 19, 1995 bombing of the Murrah
Building, in Oklahoma City, where the DEA office was located.

Defendants' expert testimony was provided by a forensic chemist retired from a university faculty. The expert essentially agreed with the government witnesses that, unless the P2P process is "botched," it will make only d,l-methamphetamine. R., vol. 3 at 154. Mistakes in the process would result in the production of "some contaminants in addition to d,l-methamphetamine." Id.

With regard to the detectability of d-methamphetamine in d,l-methamphetamine, the expert stated that it was theoretically possible to identify a d- molecule and an l- molecule, but that the process would change the chemical structure of the sample. In his opinion, to be detectable, a test must demonstrate "the separate D form of methamphetamine in combination with the DL molecule." Id. at 165. Under this definition, d-methamphetamine is not detectable in d,l-methamphetamine because the identification process would change the chemical structure of all three types of methamphetamine.

The district court took the matter under advisement, then issued its order. In the order, the court first concluded that the government satisfied its burden of proving that the methamphetamine involved in the conspiracy for which defendants were sentenced was d,l-methamphetamine. Next, the court accepted the government expert's opinion that a substance is detectable if it can be identified through a scientific process and found that d-methamphetamine can be

scientifically detected in d,l-methamphetamine, notwithstanding the fact that the procedure would destroy the sample.

Based on its findings on the two remanded issues, the district court concluded that defendants had not made out a claim of ineffective assistance of counsel because they had failed to show that, but for their attorneys' failure to raise the sentencing issue, "they would have been sentenced at a reduced level under the [Sentencing] Guidelines." Id. This appeal followed.

## DISCUSSION

According to § 2255, relief should be granted if "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." On an ineffective assistance of counsel claim, "a petitioner must establish both that his attorney's representation was deficient, measured against an objective standard of reasonableness, and that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different." Walker v. Gibson, 228 F.3d 1217, 1231 (10th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687, 688, 694 (1984)).

When reviewing the district court's denial of a § 2255 motion, we review the district court's legal rulings de novo and its factual findings for clear error. United States v. Pearce, 146 F.3d 771, 774 (10th Cir. 1998). On appeal, defendants question the validity of the district court's findings on both remanded issues. We have generally treated matters related to the type of methamphetamine and the detectability of methamphetamine as issues of fact. See United States v. Lande, 40 F.3d 329, 330 (10th Cir. 1994) (reviewing finding on involvement of a specific isomer of methamphetamine for clear error); United States v. Valdez, 225 F.3d 1137, 1143 (10th Cir. 2000) (discussing the sentencing court's finding that substances contained a detectable amount of methamphetamine).

After thoroughly reviewing the pleadings and the record, we cannot say that the district court's findings are clearly erroneous. Even when "'no direct evidence of the drug's chemical composition or the method of its manufacture is available, circumstantial evidence may be sufficient to determine which [type of methamphetamine] isomer is involved.'" Glover, 97 F.3d at 1350 n.5 (quoting United States v. Dudden, 65 F.3d 1461, 1471 (9th Cir. 1995); see also Lande, 40 F.3d at 331 (relying on circumstantial evidence to uphold finding that drug involved was d-methamphetamine). Here, there is ample support in the record for the finding that defendants used the P2P method and thereby produced

d,l-methamphetamine, a substance composed of exactly 50% each of the two isomers. The finding that d-methamphetamine is detectable in d,l-methamphetamine is also well grounded in the record. [4]

Based on these findings, the district court correctly concluded that the initial sentencing determination was proper. [5] Accordingly, even if their respective attorneys were deficient in failing to put the government to its proof, defendants cannot show that they suffered the requisite prejudice under the Strickland standard. See Walker, 228 F.3d at 1231.

---

[4] Defendants point out, and the government agrees, that the district court erred in stating that l-methamphetamine is found in perfumes and cosmetic products. This statement, however, is immaterial to the court's factual findings on the remanded issues.

[5] Contrary to defendant's contention, there is no ambiguity in the guidelines as applied in this case, and the rule of lenity is not applicable. See Decker, 55 F.3d at 1513 (stating that the rule of lenity comes into operation only in instances of ambiguity and uncertainty).

We AFFIRM the judgment of the district court for substantially the same reasons contained in the district court's Order of June 15, 1999, a copy of which is attached.

Entered for the Court


Wade Brorby
Circuit Judge

Attachment not available electronically.