**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 30, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SARA M. FRANKLIN,

     Plaintiff - Appellant,

v.

DOUGLAS COUNTY DISTRICT
COURT; TOWN OF CASTLE
ROCK; DOUGLAS COUNTY, CO;
CASTLE ROCK POLICE DEPT.;
DOUGLAS COUNTY SHERIFF'S
OFC; LITTLE POLICE
DEPARTMENT; ARAPAHOE
COUNTY SHERIFF'S OFC;
DOUGLAS COUNTY SCHOOL
SYSTEM; STATE OF COLORADO;
JUDGE CHRISTOPHER CROSS; JUDGE
DONALD MARSHALL; JUDGE
THERESA SLADE; JUDGE MITCHELL
SPEAR; JUDGE NATALIE CHASE;
MAGISTRATE FRANK MOSCHETTI;
MAGISTRATE REBECCA MOSS,

     Defendants - Appellees.

No. 15-1205
(D.C. No. 1:15-CV-00847-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT***

_____

---

\*     The parties do not request oral argument, and the Court has
determined that oral argument would not materially aid our consideration
of the appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Thus, we
have decided the appeal based on the briefs.

    Our order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.

Before **KELLY**, **BACHARACH**, and **MORITZ**, Circuit Judges.

_____

Ms. Sara Franklin filed two suits in federal court. The first one was dismissed without prejudice because she had related proceedings pending in state court. When the state-court proceedings ended, Ms. Franklin filed a new suit in federal court. Even though the prior dismissal was without prejudice, the federal district court dismissed the new federal suit on the ground that it was repetitious with the first suit. We reverse.

I.    **In the first federal suit, the district court dismissed without prejudice based on *Younger* abstention.**

In the first suit, Ms. Franklin claimed constitutional violations during her divorce proceedings. Because the divorce proceedings were ongoing at the time, the federal district court abstained under *Younger v. Harris* and ordered dismissal without prejudice. *Hartmann v. Douglas Cty.*, No. 12-cv-03309-LTB, order at 3-4 (D. Colo. Feb. 7, 2013); *see Younger v. Harris*, 401 U.S. 37, 43-44 (1971) (describing the general rule that federal courts should not interfere with ongoing state cases).

II.   **Even though the first dismissal was without prejudice, the district court ordered dismissal of the second suit on the ground that it was repetitious with the first suit.**

After Ms. Franklin's divorce became final, she brought a second federal suit against many of the same parties. The next day, the district court ordered Ms. Franklin to show cause why the second suit should not

be dismissed as repetitious. When Ms. Franklin failed to timely respond, the court dismissed the action with prejudice on the ground that the claims were repetitious. *Hartmann v. Douglas Cty. Dist. Ct.*, No. 15-cv-00847-GPG, order at 2 (D. Colo. May 28, 2015).

Ms. Franklin argues in part that the district court erred when it dismissed the claims as repetitious, pointing out that the prior dismissal had been without prejudice.[1]

## III. Even though Ms. Franklin failed to respond to the show-cause order, we address the merits of her appeal point.

By failing to respond to the district court's show-cause order,[2] Ms. Franklin may have forfeited her argument that the district court erred by dismissing her claims as repetitious. *See Richison v. Ernest Group, Inc.*, 634 F.3d 1123, 1128 (10th Cir. 2011) (a party forfeits an appeal point by failing to raise it in district court). But even if she otherwise committed a forfeiture, we would consider the merits for two reasons.

---

[1]    Because Ms. Franklin filed her brief pro se, we liberally construe her arguments. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

[2]    The defendants state that the district court dismissed the second suit as a sanction "for failure to timely respond" to the show-cause order. Appellees' Answer Br. at 14-18. According to the defendants, this sanction was proper under the four-factor test in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). This characterization is incorrect. After noting Ms. Franklin's failure to respond to the show-cause order, the district court stated that it would dismiss the action as repetitious, not as a sanction for failing to respond to the show-cause order. *Hartmann v. Douglas Cty. Dist. Ct.*, No. 15-cv-00847-GPG, order at 2 (D. Colo. May 28, 2015).

3

First, we have discretion to consider forfeited arguments when they involve pure matters of law and their resolution is certain. *See Cox v. Glanz*, 800 F.3d 1231, 1244, 1246 n.7 (10th Cir. 2015); *United States v. Jarvis*, 499 F.3d 1196, 1201-02 (10th Cir. 2007). These requirements are satisfied here, as discussed below.

Second, the defendants waived the possible forfeiture. In this appeal, they had an opportunity to argue forfeiture, but did not. Thus, the defendants waived any possible forfeiture. *See United States v. Rodebaugh*, 798 F.3d 1281, 1314 (10th Cir. 2015); *Cook v. Rockwell Int'l Corp.*, 618 F.3d 1127, 1138-39 (10th Cir. 2010).

For both reasons, we would consider the merits even if Ms. Franklin had forfeited her appeal point in district court.

## IV. The district court erred when it dismissed Ms. Franklin's claims as repetitious.

The district court reasoned that Ms. Franklin's claims were repetitious. Many of them were. But Ms. Franklin was free to refile the claims because the first dismissal had been without prejudice.

We would ordinarily review the dismissal for an abuse of discretion. *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006). But the dismissal turned on an issue of law: whether the second suit could be dismissed as repetitious when the prior dismissal was without prejudice. On that issue, we engage in de novo review. *Id.*

4

The court erred as a matter of law in ordering dismissal based on repetition of the claims. Because the court dismissed the prior claims without prejudice, Ms. Franklin was free to refile the claims. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) (a dismissal without prejudice allows the plaintiff to return and bring the same claim to the same court).

That is what Ms. Franklin did. After the state divorce proceedings ended, she brought this action to pursue the claims she had been unable to litigate earlier. In the first federal suit, the court dismissed the action without prejudice, allowing Ms. Franklin to bring the same claims through a new suit when the divorce case ended.

The defendants argue that the jurisdictional impediment remained because the second federal suit (like the first suit) arose out of the state divorce proceedings. According to the defendants, the district court had "already determined in the prior proceeding that [Ms. Franklin] may not pursue her constitutional claims arising out of state court proceedings." Appellees' Answer Br. at 12. This characterization is incorrect. The district court dismissed the first action under *Younger* because Ms. Franklin had alleged the state divorce proceedings were still pending. *Hartmann v. Douglas Cty.*, No. 12-cv-03309-LTB, order at 3 (D. Colo. Feb. 7, 2013). In the second federal suit, Ms. Franklin alleged that the state divorce proceedings had ended. Compl. at 2. Once the state divorce

5

proceedings ended, *Younger* would no longer support dismissal. *See Myers v. Garff*, 876 F.2d 79, 81 n.3 (10th Cir. 1989).

The defendants' justification for the ruling does not match the district court's explanation for the first dismissal. In dismissing the second federal suit, the court effectively treated the first dismissal as a permanent obstacle to relief. It wasn't: it prevented relief only while the state divorce proceedings were pending, and Ms. Franklin alleged that they had ended before she filed the second suit. Under these circumstances, we conclude the court erred by dismissing the second suit as repetitious.

## V.     Disposition of the Appeal

We reverse the dismissal and remand for further proceedings.

## VI.   Leave to Proceed Without Prepayment of the Filing Fee

We grant Ms. Franklin's request to proceed on appeal without prepayment of the filing fee.

Entered for the Court

Robert E. Bacharach
Circuit Judge

6